# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                       Case No. 15-81458-WRS
                                                            Chapter 13
PHILLIP O. ALLEN,

       Debtor

## MEMORANDUM OPINION

The central question before the Court is whether "total proceeds" recovered through § 327(a) attorney representation includes both cash and noncash proceeds. This Chapter 13 case came before the Court for hearing on February 28, 2017, on Anthony B. Bush's Application for Approval of Attorney's Fees and Expenses related to the adversary proceeding (Case No. 16-08027) arising from this bankruptcy case. (Docs. 38). The Debtor was present by counsel Anthony B. Bush. Britt Griggs appeared on behalf of the Bankruptcy Administrator, and recommended not approving the application. For the reasons set forth below, the Application to Approve Attorney's Fees and Expenses is denied, with leave to amend within 14 days.

## I. FACTS

The Debtor filed his petition in bankruptcy on October 21, 2015. (Doc. 1). Nearly a year later, the Debtor filed an adversary proceeding (16-08027) alleging that RTO National, LLC, violated the automatic stay provided under 11 U.S.C. § 362 when it repossessed a portable storage building. (Doc. 28). That next day, the Debtor filed an application to employ Anthony B. Bush to represent him in the proceeding. (Doc. 29). The Court approved the application. (Doc. 33). The application provided for compensation to Mr. Bush of "forty-five (45) percent of the total recovered proceeds plus any incurred expenses." (Doc. 29, Para. 3).

On January 3, 2017, Mr. Bush, on behalf of the Debtor, filed a Motion to Approve Compromise and Settlement whereby RTO National, LLC, agreed, in exchange for a full and final release of all claims asserted in adversary proceeding 16-08027, to the following: (a) to pay the Debtor the sum of $6,000.00 inclusive of costs, damages, and fees; (b) to return to the Debtor the repossessed portable storage building (which had total outstanding balance due of $4,393.56); and (c) extinguish any debt associated with the portable storage building. (Doc. 37). Filed simultaneously with the settlement, Mr. Bush submitted an Application for Approval of Attorney's Fees and Expenses, in which he requested $5,000.00 in attorney's fees and $0.00 in expenses. (Doc. 38). The Bankruptcy Administrator's response, filed on February 6, 2017, did not recommend approval of the application for the reasons discussed below. (Doc. 41).

## II. LAW

### A. Jurisdiction/Core Proceeding

This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). This is a final order.

### B. Application for Attorney's Fees and Expenses

Under 11 U.S.C. § 327(a), the trustee or debtor in possession, with court approval, may hire attorneys to pursue legal claims on behalf of the estate. Crosby v. Monroe Cty., 394 F.3d 1328, 1331 n. 2 (11th Cir. 2004); In re Goines, 465 B.R. 704, 706–07 (Bankr. N.D. Ga. 2012); see 11 U.S.C. § 1303; see also Fed. R. Bankr. P. 6009. Section 330(a)(1) of the Bankruptcy Code permits "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses" related to such legal claims, provided that the terms of

employment are approved by the court. The reasonableness of attorney compensation is frequently determined by the court through an application to employ professional persons, prior to pursuing any possible legal claims.

In this case, the Debtor, with Court approval, hired Mr. Bush to represent him in Adversary Proceeding 16-08027 against RTO National, LLC. In approving the application to employ, this Court also approved Mr. Bush's compensation for his representation. Specifically, Mr. Bush would receive "forty-five (45) percent of the *total recovered proceeds* plus any incurred expenses." (Doc. 29, Para. 3) (emphasis added).

Nearly four months later, Mr. Bush submitted an Application for Approval of Attorney's Fees and Expenses that requested $5,000 in attorney's fees and $0.00 in expenses. (Doc. 38). The Bankruptcy Administrator recommended not approving the application on two grounds: (1) the *total recovered proceeds* should include only the cash proceeds of $6,000.00 and exclude the $4,393.56 debt forgiveness; and (2) the total fee requested, including the forgiven debt, is nearly 48% of all proceeds, despite the application to employ limiting any fees at 45%. (Doc. 41). This Court will address each ground in turn.

i. "Total Recovered Proceeds" Includes

Both Cash and Non-Cash Proceeds

The central question before the Court is whether *total recovered proceeds*, in the context of § 327(a) representation, encompasses both *cash* and *noncash proceeds*. This is a matter of first impression for this Court. Furthermore, the Bankruptcy Code does not define proceeds in this context and the Court is not aware of any case law addressing the issue. As such, it is appropriate

-3-

Case 15-81458    Doc 54    Filed 07/06/17    Entered 07/06/17 09:25:51    Desc Main
Document    Page 3 of 6

to look to state law to determine whether proceeds includes cash proceeds as well as noncash proceeds. Although not explicitly applicable in this case, the Court finds the Alabama version of the Uniform Commercial Code's definition of "proceeds" persuasive. In regards to specific property, "proceeds" are broadly defined using language such as "whatever is acquired," "whatever is collected," and "rights arising out of." Ala. Code § 7-9A-102(64). Section 7-9A-102 provides more clarity by separating this broad category into "cash proceeds" and "noncash proceeds." "'Cash proceeds' means proceeds that are money, checks, deposit accounts, or the like." Ala. Code § 7-9A-102(9). "'Noncash proceeds' means proceeds other than cash proceeds." Ala. Code § 7-9A-102(58). The plain language of the Alabama version of the Uniform Commercial Code makes clear that proceeds is a broad category including both cash and noncash proceeds. Similar definitions are used by the majority of states having adopted a version of the Uniform Commercial Code. Further supporting this conclusion is the definition of "proceeds" found in Black's Law Dictionary—"[m]oney, checks, and the like are termed cash proceeds; all other proceeds are noncash proceeds." PROCEEDS, Black's Law Dictionary (10th ed. 2014). Thus, it appears that the general consensus is that proceeds is a broad category including both cash and noncash proceeds.

Here, Mr. Bush's application to employ provided for compensation of forty-five percent of "total recovered proceeds." This Court concludes that, under these circumstances, total recovered proceeds is not strictly limited to cash proceeds but also includes noncash proceeds. Thus, Mr. Bush is entitled to attorney's fees equal to forty-five percent of the $6,000.00 cash proceeds and the $4,393.56 in noncash proceeds—the extinguished debt relating to the portable storage building.

-4-

Case 15-81458    Doc 54    Filed 07/06/17    Entered 07/06/17 09:25:51    Desc Main
                           Document    Page 4 of 6

### ii. Mr. Bush's Attorney's Fees are Limited to Forty-Five Percent of "Total Recovered Proceeds"

Section 327(a) requires that the trustee, or the debtor in possession, obtain court approval prior to hiring an attorney to pursue a claim on behalf of the estate. 11U.S.C. § 327(a). This is accomplished before this Court by way of an Application to Employ Professional Persons and is intended to ensure the compensation sought is reasonable. L. Bankr. R. 9007-1. In this case, the Court approved Mr. Bush's application requesting attorney's fees equal to *forty-five percent* of total recovered proceeds. However, the Application for Approval of Attorney's Fees and Expenses submitted by Mr. Bush requested attorney's fees of nearly *forty-eight percent* of total proceeds recovered. (Doc. 38). In accordance with the application to employ, this Court is denying, with leave to amend within 14 days, Mr. Bush's application for attorney's fees as it exceeds forty-five percent of total recovered proceeds.

### III. CONCLUSION

This Court approved Mr. Bush to represent the Debtor in the previously mentioned adversary proceeding. His compensation for this representation was approved at forty-five percent of total recovered proceeds. The use of "total recovered proceeds" in the Debtor's application to employ encompasses both *cash* and *noncash proceeds*. Thus, Mr. Bush's compensation is properly calculated using both the $6,000 in cash proceeds and the $4,393.56 in noncash proceeds—the extinguished debt relating to the portable storage building. However, the total compensation for attorney's fees should not exceed forty-five percent of the total recovered

Case 15-81458    Doc 54    Filed 07/06/17    Entered 07/06/17 09:25:51    Desc Main
Document      Page 5 of 6

proceeds, as approved in the Application to Employ Professional Persons. The Court will enter an order by way of a separate document.

Done this 5th day of July, 2017.

United States Bankruptcy Judge

c: Anthony B. Bush, Special Counsel for Debtor
   Teresa R. Jacobs, Bankruptcy Administrator
   Sabrina L. McKinney, Trustee
   Paul D. Esco, Attorney for Debtor

-6-

Case 15-81458    Doc 54    Filed 07/06/17    Entered 07/06/17 09:25:51    Desc Main
Document    Page 6 of 6